# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**Fax: (410) 962-2577**
**MDD_DLBChambers@mdd.uscourts.gov**

September 27, 2021

LETTER TO COUNSEL

      RE:   *Jamie B. v. Kijakazi*
            DLB-20-1866

Dear Counsel:

On June 19, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. Pl.'s Mem., ECF 16; Def.'s Mem., ECF 19; Pl.'s Reply, ECF 20. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on October 30, 2017, alleging an onset date of August 6, 2014. Administrative Transcript ("Tr.") 147. Plaintiff subsequently amended her alleged onset date to January 1, 2016. Tr. 186. The SSA denied her claims initially and on reconsideration. Tr. 65–66, 73–74. An Administrative Law Judge ("ALJ") held a hearing on June 27, 2019. Tr. 30–64. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11–29. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 2–7; *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "hyperthyroid, Grave's disease, obesity, and depression/bipolar disorder." Tr. 16. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) with lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently, standing and/or walking 6 hours and sitting 6 hours in an 8-hour workday. The claimant can

*Jamie B. v. Kijakazi*
DLB-20-1866
September 27, 2021
Page 2

> frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, frequent exposure to vibrations, occasional exposure to extreme heat and hazardous conditions, including unprotected heights and moving machinery, and frequent interaction with co-workers and supervisors.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff was capable of performing her past relevant work "as an assistant retail manager/retail manager, telemarketer, maid, and cashier." Tr. 22. The ALJ also concluded plaintiff was capable of performing other jobs existing in the national economy in significant numbers. Tr. 23. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 24.

On appeal, plaintiff argues the ALJ erred in refusing to consider evidence generated after her date last insured ("DLI") and in performing the special technique. Pl.'s Mem. 9–22; Pl.'s Reply 2–6. I agree the ALJ erred in refusing to consider post-DLI evidence. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

"Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)). Whether a post-DLI medical opinion is appropriately considered depends upon whether "that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id.* at 341 (citing *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)). Thus, where an ALJ fails to consider post-DLI evidence that "could be reflective of a possible and earlier progressive degeneration," remand is warranted. *See, e.g.*, *Moore*, 418 F.2d at 1226. Conversely, the Fourth Circuit has found post-DLI evidence irrelevant where the evidence referred only to impairments lacking "objective medical evidence" of existence prior to the claimant's DLI and the plaintiff "made no argument that the disabilities contained in the [post-DLI evidence] existed continuously" since the plaintiff's DLI. *See, e.g.*, *Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005).

In this case, the record contains evidence of lumbar pain prior to plaintiff's DLI, which was December 31, 2016. Tr. 16. Plaintiff's provider diagnosed her with low back pain on several occasions in 2016. *See, e.g.*, Tr. 266 (diagnosing low back pain on April 22, 2016); Tr. 264 (diagnosing low back pain on May 18, 2016); Tr. 262 (diagnosing low back pain on June 30, 2016); Tr. 260 (diagnosing low back pain on November 11, 2016). Plaintiff testified that she had experienced lower back pain since 2016. Tr. 42. An x-ray of plaintiff's lumbar spine on September 21, 2017, evidenced "minimal intervertebral disc space narrowing at the level of L4-L5 and L5-S1." Tr. 279. A follow-up CT scan on October 13, 2017 showed "degenerative disc changes of the lower thoracic and lumbar spine." Tr. 277. The post-DLI x-ray and CT scan indicating injury to the lower spine "could be reflective of a possible and earlier progressive degeneration" of the condition that caused plaintiff lower back pain before her DLI. *See* 418 F.2d at 1226. On the record before the Court, the post-DLI evidence certainly permits an inference of linkage to plaintiff's pre-DLI condition. Accordingly, remand is necessary.

*Jamie B. v. Kijakazi*
DLB-20-1866
September 27, 2021
Page 3


The Commissioner argues the ALJ did not err in excluding the post-DLI evidence because "the record contains no diagnostic tests or images prior to the [DLI] showing a specific impairment, such as degenerative disc disease." Def.'s Mem. 7 (citing Tr. 17, 260–67). Fourth Circuit caselaw, however, does not support the Commissioner's position. In the line of cases in which the Fourth Circuit has considered this issue, the Court has remanded where an ALJ failed to consider post-DLI evidence relating to an impairment of which there was no objective evidence prior to the plaintiff's DLI. *See, e.g.*, *Bird*, 699 F.3d at 340–41 (remanding for an ALJ's failure to consider the plaintiff's PTSD even though the plaintiff did not have any medical records pre-dating his DLI); *Wooldridge*, 816 F.2d at 159–60 (remanding for an ALJ's failure to consider post-DLI evidence where the record contained no pre-DLI medical evidence concerning the plaintiff's condition). In contrast, the Fourth Circuit affirmed an ALJ's decision to exclude certain post-DLI evidence in *Johnson* because the post-DLI evidence related to impairments the plaintiff did not argue existed prior to her DLI. 434 F.3d at 656 & 656 n.8; *see also Bird*, 699 F.3d at 341 (distinguishing *Johnson* on the grounds that in *Johnson* "the claimant's treating physician submitted a new assessment identifying additional impairments that were not linked in any manner to the claimant's condition before her DLI"). The Commissioner's argument is therefore unpersuasive.


The Commissioner also argues any error the ALJ committed was harmless because plaintiff's spine impairment would have been found a non-severe impairment. Def.'s Mem. 8. I disagree. First, the Court is not positioned to make findings of fact with respect to the severity any potential impairment. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("it is not within the province of a reviewing court to determine the weight of the evidence") (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Snyder v. Ribicoff*, 307 F.2d 518, 529 (4th Cir. 1962)). Second, even if the Court did agree with the Commissioner that plaintiff's back impairment was medically determinable but not severe, finding harmless error would require the Court to determine the impairment in no way affected plaintiff's RFC because any impact on plaintiff's RFC could affect the work identified by the ALJ in support of the denial of benefits. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not severe . . . when we assess your [RFC]."). Several factual issues bearing on the ALJ's decision having been left unresolved, remand is necessary.


Finally, because I remand for the ALJ's failure to consider post-DLI evidence, I need not address whether the ALJ appropriately employed the special technique. The ALJ may consider these arguments on remand.


For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 16, is denied, and the Commissioner's motion for summary judgment, ECF 19, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

*Jamie B. v. Kijakazi*
DLB-20-1866
September 27, 2021
Page 4


      Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.


                        Sincerely yours,


                           /s/


                        Deborah L. Boardman
                        United States District Judge